# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Start Man Furniture LLC (f/k/a Art Van Furniture, LLC), *et al.*,[1] | Case No. 20-10553 (CTG)<br>Jointly Administered |
| Debtors. | **Re: Docket Nos. 1583 and 1584** |
| Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee of Start Man Furniture LLC (f/k/a Art Van Furniture, LLC), *et al.*, | |
| Plaintiff, | Adv. Proc. No. 22-50229 (CTG) |
| -against- | |
| Archie A. Van Elslander Trust dated November 26, 1982, as Amended, the Estate of Archie A. Van Elslander, Gary A. Van Elslander, Gary A. Van Elslander Revocable Trust, David P. Van Elslander, Debra A. Van Elslander, Debra A. Van Elslander Revocable Trust, Kenneth A. Van Elslander, Kenneth A. Van Elslander Revocable Trust, Sandra L. Seroka, Karen B. Paglino, Karen B. Paglino Revocable Trust, Lori J. Webb, Kim M. Van Elslander a/k/a Kim M. Campau, Kris A. Scarfone, Beth M. Wood, AV Conner Holdings, Inc., VEV Real Estate LLC, and Richard Kim Yost, and John Does 1-100, | **Re: Docket Nos. 45 and 46** |
| Defendants. | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

**ORDER APPROVING THE SETTLEMENT AGREEMENT AND MUTUAL RELEASE
BETWEEN AND AMONG THE CHAPTER 7 TRUSTEE AND VARIOUS OTHER
PARTIES RESOLVING CLAIMS AGAINST CERTAIN INSIDERS AND OTHERS**

Upon the Motion[2] of Alfred T. Giuliano, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estates of the above-captioned Debtors, for entry of an order pursuant to sections 105(a) and 362(d) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure authorizing and approving the *Settlement Agreement and Mutual Release* substantially in the same form as attached hereto as **Exhibit 1** (the "Settlement Agreement") between and among the Trustee, solely in his capacity as the Trustee for the bankruptcy estates of the Debtors, and the non-Debtor Parties,; and upon consideration of the Motion and all filings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (c) notice of the Motion was due and proper under the circumstances, and (d) the entry of this Order is in the best interests of the Estates, creditors, and other parties in interest; and any objections or responses to the Motion having been resolved, withdrawn, or overruled by the Court; and upon all of the proceedings had before the Court; and after due deliberation, and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Trustee is authorized to enter into the Settlement Agreement, the terms of which are hereby approved in their entirety.  The Trustee is authorized to make any non-material changes to the Settlement Agreement as agreed to between the Parties.

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

3.      The Trustee is hereby authorized to implement the terms of the Settlement Agreement.

4.      The Trustee is hereby authorized to pay the Estates' share of the Mediator's fees and expenses.

5.      To the extent necessary, relief is hereby granted from the automatic stay pursuant to 11 U.S.C. § 362(d) to enable National Union to make any payments required to be made by National Union under the Settlement Agreement or the Insurance Policies.

6.      Upon the Trustee's consummation of the Settlement Agreement and receipt of the settlement proceeds, the Trustee shall reserve and segregate from such settlement proceeds the sum of $4,000,000 (the "Reserved Settlement Proceeds") pending resolution of the relative entitlements to such proceeds as between the Debtors' Estates and HGB AVF Lending, LLC, in its capacity as administrative agent and collateral agent (the "Prepetition Term Loan Agent") pursuant to the terms of that certain *Final Order (I) Authorizing the Debtors To Use Cash Collateral, (II) Granting Adequate Protection To The Prepetition Secured Parties, (III) Modifying The Automatic Stay, And (IV) Granting Related Relief*, entered August 13, 2020 [ECF No. 913] (the "Final Cash Collateral Order").  Pending such resolution, (a) the Trustee shall not be allowed to use any Reserved Settlement Proceeds for any purpose absent (i) prior written consent of the Prepetition Term Loan Agent (which consent may be withheld, denied, delayed and/or conditioned in the Prepetition Term Loan Agent's discretion) or (ii) order of the Court upon not less than seven (7) business days' notice to the Prepetition Term Loan Agent, and (b) each of the Prepetition Term Loan Agent and the Trustee reserve all of their respective rights and interests with respect to the Reserved Settlement Proceeds.

7.      This Court shall retain jurisdiction over all matters arising from or relating to the

Settlement Agreement and/or the interpretation, implementation, or enforcement of this Order.


**Dated: August 23rd, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

# **EXHIBIT 1**

**Settlement Agreement**

**Execution Version**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

### I.
### PARTIES

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Settlement Agreement") is entered into as of August 17, 2023, by and among (i) Alfred T. Giuliano, solely in his capacity as chapter 7 trustee (the "Plaintiff" or "Trustee") of the bankruptcy estates of Start Man Furniture LLC (f/k/a Art Van Furniture, LLC) and its affiliated debtors (collectively, the "Debtors")[1]; (ii) Thomas H. Lee Partners, L.P., Thomas H. Lee Management Co., THL Managers VII LLC, Thomas H. Lee Parallel (Cayman) Fund VII, L.P., Thomas H. Lee Equity Fund VII, L.P., Thomas H. Lee Parallel Fund VII, L.P., Thomas H. Lee Fund VI Coinvestment Partners LP, and THL Executive Fund VII (collectively, the "THLee Entity Parties"), (iii) Todd M. Abbrecht, Jeff T. Swenson, Cliff Longley, Douglas A. Haber, Alex Smith, and David Alexander (collectively, the "THLee Director Parties" and together with the THLee Entity Parties, the "THLee Parties"); (iv) Gary A. Van Elslander (the "VE Director"); (v) Archie A. Van Elslander Trust dated November 26, 1982, as Amended, the Estate of Archie A. Van Elslander, Mary Ann Van Elslander, the Mary Ann Van Elslander Trust Agreement dated 9/26/1997, as amended, the Archie A. Van Elslander Marital Trust dated 11/26/1982, Gary A. Van Elslander Revocable Trust, David P. Van Elslander, Debra A. Van Elslander, Debra A. Van Elslander Revocable Trust, Kenneth A. Van Elslander, Kenneth A. Van Elslander Revocable Trust, Sandra L. Seroka, Karen B. Paglino, Karen B. Paglino Revocable Trust, Lori J. Webb, Kim M. Van Elslander a/k/a Kim M. Campau, Kris A. Scarfone, Beth M. Wood, AV Conner Holdings, Inc., and VEV Real Estate LLC (collectively, the "VE Entities" and together with the VE Director, the "VE Parties"); and (vi) Richard Kim Yost ("Yost"). Each of the foregoing may be referred to herein as a "Party" and collectively as the "Parties." This Settlement Agreement is based on the following facts:

### II.
### RECITALS

WHEREAS, prior to the Petition Date (defined below), the Debtors operated a furniture and mattress retail business (the "Company") headquartered in Warren, Michigan.

WHEREAS, effective as of March 1, 2017 (the "Closing Date"), Archie A. Van Elslander, the Archie A. Van Elslander Trust dated November 26, 1982, and other individuals or entities affiliated with the Van Elslander family sold their equity interests in the Company, together with certain related real properties and other assets, to certain entities affiliated with Thomas H. Lee Partners, L.P. (the "Sale Transaction");

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

WHEREAS, proceeds of the Sale Transaction (the "Sale Proceeds") were distributed to various parties, including certain VE Parties and Yost;

WHEREAS, following the Closing Date, certain of the THLee Entity Parties directly or indirectly owned or managed the Company;

WHEREAS, nearly all of the THLee Director Parties[2] and the VE Director served on certain of the Debtors' boards of directors at various times between the Closing Date and the bankruptcy filing.  Yost served on some of the Debtors' board of directors at various times between the Closing Date and the bankruptcy filing;

WHEREAS, on March 8, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), under lead case no. 20-10553 (CTG);

WHEREAS, on or about April 7, 2020, the Debtors' chapter 11 cases were converted to cases under chapter 7 of the Bankruptcy Code and the Trustee was appointed as the Chapter 7 Trustee of the Debtors' estates;

WHEREAS, on March 7, 2022, the Trustee commenced an adversary proceeding against a number of individuals and entities affiliated with the Van Elslander family, among others, and Yost, entitled *Giuliano v. Archie A. Van Elslander Trust dated November 26, 1982, as Amended*, *et al.*, Adv. Pro. No. 22-50229 (CTG) (Bankr. D. Del.) (the "Adversary Proceeding"), asserting various claims, including fraudulent transfer and breach of fiduciary duty claims (collectively, the "Adversary Claims");

WHEREAS, the Trustee has asserted that the Debtors' estates have certain claims against the THLee Parties (collectively, the "THLee Claims");

WHEREAS, the Trustee did not file a complaint against the THLee Parties, as they entered into certain tolling agreements with the Trustee;

WHEREAS, the VE Parties and Yost deny and vigorously dispute any claims asserted in the Adversary Proceeding and any liability for the claims or any wrongdoing associated therewith;

WHEREAS, the THLee Parties deny and vigorously dispute any claims asserted by the Trustee and any liability for the THLee Claims or any wrongdoing associated therewith, or otherwise arising from the THLee Parties' relationship with the Debtors;

WHEREAS, the VE Director, Yost, and the THLee Director Parties had certain insurance coverage provided by National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") under one or more of the following policies in connection with certain claims, including

---

[2] Todd M. Abbrecht, who served on the board of directors of AVF Holding Company, Inc. prior to the Closing Date, resigned on the Closing Date in connection with the transactions effectuated on that date.

any breach of fiduciary duty claims: (i) Policy No. 01-248-40-21, and (ii) Policy No. 01-229-47-55 (collectively, the "<u>Insurance Policies</u>");

WHEREAS, the Parties agreed to participate in mediation with JAMS, led by Jed Melnick, which commenced on December 19, 2022 and continued for several months (the "<u>Mediation</u>");

WHEREAS, prior to the Mediation, the Trustee and the THLee Parties negotiated a settlement regarding any claims not covered by the Insurance Policies (the "<u>THLee Settled Claims</u>");

WHEREAS, at the conclusion of the Mediation, the Parties reached an agreement on a settlement of the Adversary Proceeding and full and final resolution of all claims on the terms and conditions set forth herein (the "<u>Settlement Agreement</u>");

WHEREAS, (i) the Trustee, the VE Parties, and Yost have determined that it is in their respective best interests to resolve the disputes among them related to the Adversary Proceeding and (ii) the Trustee and the THLee Parties have determined that it is in their respective best interests to resolve the disputes among them related to the THLee Claims (including the THLee Settled Claims) or the THLee Parties' relationship with the Debtors, in each case pursuant to the terms and conditions set forth herein; and

NOW THEREFORE, in consideration of the foregoing recitals, each of which is true and which are incorporated into and made an integral part of this Settlement Agreement, and the terms and conditions hereinafter set forth, the Parties hereby agree as follows:

## III.
## AGREEMENT

1.    <u>Recitals Incorporated.</u>  The foregoing recital paragraphs are incorporated herein by reference and agreed to by the Parties as if fully set forth at length.

2.    <u>Settlement Payments.</u>  Within ten (10) days after the date on which an order of the Bankruptcy Court approving this Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 ("<u>Approval Order</u>") becomes a final, non-appealable order, the VE Director, Yost and the THLee Director Parties shall cause National Union to pay: (a) to the Trustee, the sum of (i) **Seven Million Five Hundred Thousand And 00/100 Dollars (US $7,500,000.00)** (the "<u>Insurance Settlement Payment</u>") and (ii) **Four Hundred Thirty-Five Thousand And 00/100 Dollars (US $435,000.00)** (the "<u>THLee Defense Cost Reimbursement</u>"); (b) to such payee as designated by the VE Parties, the sum of **One Million Five Hundred Thousand And 00/100 Dollars (US $1,500,000.00)** (the "<u>VE Defense Cost Reimbursement</u>"); (c) to Yost the sum of **Eighteen Thousand Nine Hundred Forty Four And 99/100 Dollars (US $18,944.99)** (the "<u>Yost Defense Cost Reimbursement</u>"), and the THLee Parties shall pay to the Trustee the sum of **Sixty-Five Thousand And 00/100 Dollars (US $65,000.00)** (the "<u>THLee Contribution</u>"). The Insurance Settlement Payment, the THLee Defense Cost Reimbursement and the THLee Contribution shall be paid by wire transfer or electronic funds transfer (EFT) to the Trustee, pursuant to instructions to be provided by the Trustee.  The VE Defense Cost Reimbursement

shall be paid by wire transfer or electronic funds transfer (EFT) to such payee as designated by the VE Parties, pursuant to instructions to be provided by the VE Parties. The Yost Defense Cost Reimbursement shall be paid by wire transfer or electronic funds transfer (EFT) to Yost, pursuant to instructions to be provided by the Yost.

3.      Settlement Effective Date. (a) The "Settlement Effective Date" as it relates to the VE Parties, Yost and National Union shall be the date on which the last of the following occurs: (i) this Settlement Agreement has been fully executed, (ii) the Trustee has received the Insurance Settlement Payment and the THLee Defense Cost Reimbursement in good funds, (iii) the VE Parties' designated payee has received the VE Defense Cost Reimbursement in good funds, (iv) Yost has received the Yost Defense Cost Reimbursement in good funds, and (v) the Approval Order has become a final and non-appealable order, (b) The "Settlement Effective Date" as it relates to the THLee Parties shall be the date on which the last of the following occurs: (i) this Settlement Agreement has been fully executed, (ii) the Trustee has received the Insurance Settlement Payment, the THLee Defense Cost Reimbursement, and the THLee Contribution in good funds, and (iii) the Approval Order has become a final and non-appealable order.

4.      Dismissal of Lawsuit. Within five (5) days after the clearance of all payments to Plaintiff pursuant to paragraph 2, Plaintiff shall dismiss the Adversary Proceeding with prejudice as to all defendants therein and without costs to any of the Parties, and shall as promptly as practicable, but in any event within three (3) days after such dismissal, provide notice of such dismissal to counsel for the defendants.

5.      Release by Trustee. Effective on the Settlement Effective Date, except for the obligations contained in or reserved by this Settlement Agreement, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, on behalf of the Debtors and their estates (the "Estate Releasors") shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged each of the THLee Parties, the VE Parties, and Yost, and their respective Related Parties[3] and Transferees[4] (collectively, the "Non-Debtor Parties"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether

---

[3] "Related Parties" means, each of the following, in each case only in its capacity as such: heirs, predecessors, successors, affiliates, assigns, subsidiaries, direct and indirect equity holders, members (including managing members), directors, managers, officers, principals, employees, partners, trusts, trustees, independent contractors, agents, representatives, managed accounts or funds, agents, professionals, consultants, financial advisors, attorneys, accountants, investment bankers, and other professional advisors and any other Individual Insured as defined in the Insurance Policies.

[4] "Transferees" means the initial transferees of the Sale Proceeds, and any immediate or mediate transferees of any such initial transferee. For the avoidance of doubt, Transferees include the following persons, trusts and entities: The AV Family Office Trust Dated 11/26/1982, as amended; VEC, LLC, a Michigan limited liability company; all descendants of Archie A. Van Elslander and their spouses, and any trusts or limited liability companies for their benefit; limited liability companies owned all or in part by Mary Ann Van Elslander or trusts created by her or for her benefit; Fixed Income Fund 13, LLC, Global Equity Fund 13, LLC, Private Equity Fund 13, LLC, and Private Equity Fund 13-V2, LLC, each a Delaware limited liability company; the A. A. Van Elslander Foundation; the Van Elslander Family Foundation; MAV13, LLC, a Michigan limited liability company; and all of the trustees, officers, directors, employees, and consultants for any of the above-listed parties.

known or unknown, suspected or unsuspected, in law or equity, which any of the Estate Releasors has, has had, may have or may claim to have against each of the Non-Debtor Parties arising from or relating to the Adversary Proceeding, the Adversary Claims, the Insurance Policies, the THLee Claims, the THLee Parties' ownership or management of the Debtors, or which otherwise relate in any manner to the pre-petition and post-petition relationships among the Debtors and their estates and the Non-Debtor Parties, or arising under the Bankruptcy Code, or related to the Debtors' bankruptcy cases, whether asserted or not, without limitation. For the avoidance of doubt, the tolling agreement dated as of January 19, 2023, by and among the Trustee and the THLee Parties shall be terminated as of the Settlement Effective Date. Nothing in this paragraph releases (a) any Party from its obligations under this Settlement Agreement; or (b) any Party from its liability for breach of any term, warranty, or representation in this Settlement Agreement.

6.      Release by Non-Debtor Parties.  Effective on the Settlement Effective Date, except for the obligations contained in or reserved by this Settlement Agreement, the Non-Debtor Parties shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged each of the Estate Releasors, the THLee Parties, the VE Parties, and Yost from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which any of the Non-Debtor Parties has, has had, may have or may claim to have against each of the Estate Releasors, the THLee Parties, the VE Parties, and/or Yost arising from or relating to the Adversary Proceeding, the Adversary Claims, the Insurance Policies, the THLee Claims, or which otherwise relate in any manner to the pre-petition and post-petition relationships among the Debtors and their estates and the Non-Debtor Parties, or arising under the Bankruptcy Code, or related to the Debtors' bankruptcy cases, whether asserted or not, without limitation. Nothing in this paragraph releases (a) any Party from its obligations under this Settlement Agreement; or (b) any Party from its liability for breach of any term, warranty, or representation in this Settlement Agreement.

7.      Estates' Release of National Union.  Upon clearance of the Insurance Settlement Payment, the THLee Defense Cost Reimbursement, the VE Defense Cost Reimbursement, and the Yost Defense Cost Reimbursement, except for the obligations contained in or reserved by this Settlement Agreement, the Estate Releasors fully release and forever discharge National Union, together with its respective predecessors, successors, affiliates, and assigns, and all persons acting by, through or under them, from all known and unknown claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees and expenses (including attorneys' fees and costs), of any nature whatsoever, whether or not apparent or yet to be discovered, arising from or relating to (a) the Insurance Policies; (b) the Adversary Proceeding, the Adversary Claims, the THLee Claims, the THLee Parties' ownership or management of the Debtors, or which otherwise relate in any manner to the pre-petition and post-petition relationships among the Debtors and their estates and the Non-Debtor Parties, or arising under the Bankruptcy Code, or related to the Debtors' bankruptcy cases, whether asserted or not, without limitation under the Insurance Policies or any other insurance policy which is a predecessor or successor of any

Insurance Policy.  Notwithstanding the foregoing, the Estate Releasors reserve all rights, claims and defenses in connection with any proof of claim filed by National Union or its affiliates against any Debtor.

8.　　　No Admissions.  This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Adversary Proceeding, the Adversary Claims, the Insurance Policies, or the THLee Claims.

9.　　　Expenses.  Except as otherwise set forth herein, the Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with this Settlement Agreement.  In the event of any dispute in connection with the enforcement of this Settlement Agreement, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs, and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceeding, as determined by the Bankruptcy Court.

10.　　　Settlement Approval Procedures.  The Parties shall work in good faith to submit a mutually agreeable motion for approval of this Settlement Agreement.  The Trustee shall be primarily responsible for preparing all necessary materials, and shall circulate drafts of such materials to other Parties to this Settlement Agreement at least five days prior to the intended filing date for their prompt review and consent, such consent not to be unreasonably withheld.

11.　　　Miscellaneous.

a.　　　The Parties hereto agree that each provision of this Settlement Agreement is an integral part of the settlement contemplated by the Parties to this Settlement Agreement, and that, if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, this Settlement Agreement shall be null and void unless otherwise agreed by the Parties in writing.

b.　　　The Parties hereto have participated jointly in the negotiation and drafting of this Settlement Agreement.  In the event an ambiguity or question of intent or interpretation arises, this Settlement Agreement shall be construed as if drafted jointly by the Parties hereto and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any provisions of this Settlement Agreement.

c.　　　Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

d.　　　Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

e.      No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations, or liabilities hereunder upon any person other than the Parties hereto and their Related Parties and Transferees.

f.      This Settlement Agreement shall be governed by and construed in accordance with the law of the state of Delaware without regard to any choice of law provisions.

g.      This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

h.      The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties expressly consent to such jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer, or enforce the terms and provisions of, this Settlement Agreement.

i.      Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement; *provided*, *however*, that the Parties acknowledge and agree that if the Estate of Archie A. Van Elslander does not exist, as the VE Parties assert, the individuals executing this Agreement on behalf of such entity shall not be deemed to have violated this Section 11(i) by executing this Agreement on behalf of such entity; *provided further*, *however*, that the Parties acknowledge and agree that if the Archie A. Van Elslander Trust dated November 26, 1982, as Amended has been fully administered, as the VE Parties assert, the individuals executing this Agreement on behalf of such entity shall not be deemed to have violated this Section 11(i) by executing this Agreement on behalf of such entity.   The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

j.      In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that (i) it does so with full knowledge of its available rights, (ii) it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (iii) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (iv) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

k.      The Parties acknowledge that this Settlement Agreement and any individual agreements by any Party and National Union constitute the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

l.      This Settlement Agreement shall not be modified, altered, amended, or vacated without the written consent of all Parties, with such modification approved by an order of the Bankruptcy Court.

m.      This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto and the Non-Debtor Parties.

n.      The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement, as of the date first above written.

Alfred T. Giuliano, solely in his capacity as chapter 7 trustee of the bankruptcy estates of Start Man Furniture LLC, *et al.*

By: _____

Richard Kim Yost

By:_____


Thomas H. Lee Management Co.

By:_____
Name: Jeff T. Swenson

Todd M. Abbrecht

By:_____


THL Managers VII LLC

By:_____
Name: Jeff T. Swenson

Jeff T. Swenson

By:_____


Thomas H. Lee Parallel (Cayman) Fund VII, L.P.

By:_____
Name: Jeff T. Swenson

Cliff Longley

By:_____

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement, as of the date first above written.

Alfred T. Giuliano, solely in his capacity as chapter 7 trustee of the bankruptcy estates of Start Man Furniture LLC, *et al.*

By:_____

Richard Kim Yost

By:_____  Aug 17/2023

Thomas H. Lee Management Co.

By:_____
Name: Jeff T. Swenson

Todd M. Abbrecht

By:_____

THL Managers VII LLC

By:_____
Name: Jeff T. Swenson

Jeff T. Swenson

By:_____

Thomas H. Lee Parallel (Cayman) Fund VII, L.P.

By:_____
Name: Jeff T. Swenson

Cliff Longley

By:_____

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement, as of the date first above written.

Alfred T. Giuliano, solely in his capacity as chapter 7 trustee of the bankruptcy estates of Start Man Furniture LLC, *et al.*

By:_____

Richard Kim Yost

By:_____

Thomas H. Lee Management Co.

By:_____
Name: Jeff T. Swenson

Todd M. Abbrecht

By:_____

THL Managers VII LLC

By:_____
Name: Jeff T. Swenson

Jeff T. Swenson

By:_____

Thomas H. Lee Parallel (Cayman) Fund VII, L.P.

By:_____
Name: Jeff T. Swenson

Cliff Longley

By:_____

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement, as of the date first above written.

Alfred T. Giuliano, solely in his capacity as chapter 7 trustee of the bankruptcy estates of Start Man Furniture LLC, *et al.*

By:_____

Richard Kim Yost

By:_____

Thomas H. Lee Management Co.

By:_____
Name: Jeff T. Swenson

~~Todd M. Abbrecht~~

By:_____

THL Managers VII LLC

By:_____
Name: Jeff T. Swenson

Jeff T. Swenson

By:_____

Thomas H. Lee Parallel (Cayman) Fund VII, L.P.

By:_____
Name: Jeff T. Swenson

Cliff Longley

By:_____

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement, as of the date first above written.

Alfred T. Giuliano, solely in his capacity as chapter 7 trustee of the bankruptcy estates of Start Man Furniture LLC, *et al.*

By:_____

Richard Kim Yost

By:_____

Thomas H. Lee Management Co.

By:_____
Name: Jeff T. Swenson

Todd M. Abbrecht

By:_____

THL Managers VII LLC

By:_____
Name: Jeff T. Swenson

Jeff T. Swenson

By:_____

Thomas H. Lee Parallel (Cayman) Fund VII, L.P.

By:_____
Name: Jeff T. Swenson

Cliff Longley

By: *Cliff Longley*

Thomas H. Lee Equity Fund VII, L.P.

By: _____

Name: Jeff T. Swenson


Thomas H. Lee Parallel Fund VII, L.P.

By: _____

Name: Jeff T. Swenson


Thomas H. Lee Fund VI Coinvestment
Partners LP

By: _____

Name: Jeff T. Swenson


THL Executive Fund VII

By: _____

Name: Jeff T. Swenson


Douglas A. Haber

By: _____


Alex Smith

By: _____


David Alexander

By: _____


Thomas H. Lee Partners, L.P.

By: _____

Name: Jeff T. Swenson

Thomas H. Lee Equity Fund VII, L.P.

By:_____
Name: Jeff T. Swenson

Douglas A. Haber

By:_____

Thomas H. Lee Parallel Fund VII, L.P.

By:_____
Name: Jeff T. Swenson

Alex Smith

By:_____

Thomas H. Lee Fund VI Coinvestment
Partners LP

By:_____
Name: Jeff T. Swenson

David Alexander

By:_____

THL Executive Fund VII

By:_____
Name: Jeff T. Swenson

Thomas H. Lee Partners, L.P.

By:_____
Name: Jeff T. Swenson

Thomas H. Lee Equity Fund VII, L.P.

By:_____
Name: Jeff T. Swenson

Douglas A. Haber

By:_____


Thomas H. Lee Parallel Fund VII, L.P.

By:_____
Name: Jeff T. Swenson

Alex Smith

By:_____


Thomas H. Lee Fund VI Coinvestment Partners LP

By:_____
Name: Jeff T. Swenson

David Alexander

By:_____


THL Executive Fund VII

By:_____
Name: Jeff T. Swenson

Thomas H. Lee Partners, L.P.

By:_____
Name: Jeff T. Swenson

Thomas H. Lee Equity Fund VII, L.P.        Douglas A. Haber

By: _____          By: _____
Name: Jeff T. Swenson


Thomas H. Lee Parallel Fund VII, L.P.      Alex Smith

By: _____          By: _____
Name: Jeff T. Swenson


Thomas H. Lee Fund VI Coinvestment        David Alexander
Partners LP

By: _____          By: _____
Name: Jeff T. Swenson


THL Executive Fund VII                     Thomas H. Lee Partners, L.P.

By: _____          By: _____
Name: Jeff T. Swenson                      Name: Jeff T. Swenson

Gary A. Van Elslander
*Gary Van Elslander*
Gary Van Elslander (Aug 17, 2023 10:03 EDT)

Sandra L. Seroka
*Sandy Seroka*
Sandy Seroka (Aug 22, 2023 12:38 EDT)

Gary A. Van Elslander Revocable Trust
*Gary Van Elslander*
Gary Van Elslander (Aug 17, 2023 10:03 EDT)

By: Gary A. Van Elslander (TRUSTEE)

Karen B. Paglino
*Karen B. Paglino*
Karen B. Paglino (Aug 17, 2023 16:19 EDT)

David P. Van Elslander
*David Van Elslander*
David Van Elslander (Aug 22, 2023 12:44 EDT)

Karen B. Paglino Revocable Trust
*Karen B. Paglino*
Karen B. Paglino (Aug 17, 2023 16:19 EDT)

By: Karen B. Paglino (TRUSTEE)

Debra A. Van Elslander
*Debra Van Elslander*
Debra Van Elslander (Aug 17, 2023 10:39 EDT)

Lori J. Webb
*Lori J Webb*
Lori J Webb (Aug 19, 2023 23:47 MDT)

Debra A. Van Elslander Revocable Trust
*Debra Van Elslander*
Debra Van Elslander (Aug 17, 2023 10:39 EDT)

By: Debra A. Van Elslander (TRUSTEE)

Kim M. Van Elslander (a/k/a Kim M. Campau)
*Kim VanElslander*
Kim VanElslander (Aug 19, 2023 07:58 MDT)

Kenneth A. Van Elslander
*Ken Van Elslander*
Ken Van Elslander (Aug 17, 2023 19:48 EDT)

Kris A. Scarfone
*Kris Scarfone*
Kris Scarfone (Aug 19, 2023 08:02 MDT)

Kenneth A. Van Elslander Revocable Trust
*Ken Van Elslander*
Ken Van Elslander (Aug 17, 2023 19:48 EDT)

By: Kenneth A. Van Elslander (TRUSTEE)

Beth M. Wood
*Beth Wood*
Beth Wood (Aug 18, 2023 09:38 MDT)

**Execution Version**

VEV Real Estate LLC

*Gary Van Elslander*
Gary Van Elslander (Aug 17, 2023 10:03 EDT)
_____
By: Gary A. Van Elslander (Co-Manager)

*Ken Van Elander*
Ken Van Elslander (Aug 17, 2023 19:48 EDT)
_____
By: Kenneth A. Van Elslander (Co-Manager)

Archie A. Van Elslander Marital Trust
Dated November 26, 1982

*Gary Van Elslander*
Gary Van Elslander (Aug 17, 2023 10:03 EDT)
_____
By: Gary A. Van Elslander (Co-Trustee)

*Debra Van Elslander*
Debra Van Elslander (Aug 17, 2023 10:39 EDT)
_____
By: Debra A. Van Elslander (Co-Trustee)

Mary Ann Van Elslander Trust dated
September 26, 1997, as Amended

*Gary Van Elslander*
Gary Van Elslander (Aug 17, 2023 10:03 EDT)
_____
By: Gary A. Van Elslander (Co-Trustee)

*Debra Van Elslander*
Debra Van Elslander (Aug 17, 2023 10:39 EDT)
_____
By: Debra A. Van Elslander (Co-Trustee)

Archie A. Van Elslander Trust dated
November 26, 1982, as Amended

*Gary Van Elslander*
Gary Van Elslander (Aug 17, 2023 10:03 EDT)
_____
By: Gary A. Van Elslander (Co-Trustee)

*Debra Van Elslander*
Debra Van Elslander (Aug 17, 2023 10:39 EDT)
_____
By: Debra A. Van Elslander (Co-Trustee)

*Beth Wood*
Beth Wood (Aug 18, 2023 09:38 MDT)
_____
By: Beth M. Wood (Co-Trustee)

*Karen B. Paglino*
Karen B. Paglino (Aug 17, 2023 16:19 EDT)
_____
By: Karen B. Paglino (Co-Trustee)

*Ken Van Elander*
Ken Van Elslander (Aug 17, 2023 19:48 EDT)
_____
By: Kenneth A. Van Elslander (Co-Trustee)

Mary Ann Van Elslander

*Gary Van Elslander*
Gary Van Elslander (Aug 17, 2023 10:03 EDT)
BY: GARY A. VAN ELSLANDER (POA)
_____

AV Connor Holdings, Inc.

*David Van Elander*
David Van Elslander (Aug 22, 2023 12:44 EDT)
_____
By: David P. Van Elslander (Vice President)

Estate of Archie A. Van Elslander

*Gary Van Elslander*
Gary Van Elslander (Aug 17, 2023 10:03 EDT)
_____
By: Gary A. Van Elslander (Nominated
Personal Representative)

*Debra Van Elslander*
Debra Van Elslander (Aug 17, 2023 10:35 EDT)
_____
By: Debra A. Van Elslander (Nominated
Personal Representative)

_____
By: Diane Wells (Nominated
Personal Representative)